**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 17-21513 (JJT) |
| INTEGRITY GRAPHICS, INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for | ) | |
| INTEGRITY GRAPHICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. _____ |
| | ) | |
| AMERICAN EXPRESS COMPANY, | ) | |
| AMERICAN EXPRESS BANK, FSB AND | ) | |
| AMERICAN EXPRESS CENTURION BANK, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of Integrity Graphics, Inc.

("Integrity Graphics" or the "Debtor"), in support of this complaint ("Complaint") to avoid and

recover transfers against American Express Company, American Express Bank, FSB and

American Express Centurion Bank (collectively, the "Defendants"), hereby alleges:

### JURISDICTION, VENUE AND NATURE OF THIS PROCEEDING

1.      On October 3, 2017 (the "Petition Date"), an Involutary Peition was filed against

the Debtor under Chapter 7 of the United States Bankruptcy Code.

2.      On October 31, 2017, the Court granted the Petition and issued an Order for Relief under Chapter 7 of the United States Bankruptcy Code, and the Trustee was appointed Chapter 7 Trustee of the Debtor.

3.      This Complaint initiates an adversary proceeding pursuant to §§ 105, 502(d), 510, 544, 546, 547, 550 and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 7001(1).  The Complaint seeks: (1) to avoid and recover for the benefit of the estate one or more preferential transfers of the Debtor's property made to or for the benefit of the Defendants, on or within 90 days of the Petition Date; (2) to disallow all claims of the Defendants against the Debtor and the estate; (3) to subordinate any allowed claims of the Defendants against the Debtor and the estate to the claims of all other creditors of the estate; and (4) other legal and equitable relief.

4.      This Court has jurisdiction, under 28 U.S.C. §§ 157 and 1334(b), of the subject matter of this proceeding because the claims asserted herein arise under Chapter 7 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Bankruptcy Court").

5.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      Pursuant to 28 U.S.C. §§ 1391 and 1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtor's case is pending in this district and division.

**PARTIES**

7.      The Trustee is the duly appointed Chapter 7 Trustee in this Chapter 7 case.

8.      Defendant, American Express Company, is a New York corporation with a place of business in New York, New York.

9.     Defendant, American Express Bank, FSB, is a federal savings bank with a place of business in New York, New York.

10.    Defendant, American Express Centurion Bank, is a Utah-chartered industrial bank with a place of business in New York, New York.

**COUNT I**
**PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547, 550 AND 551**

11.    The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

12.    On or within ninety (90) days before the Petition Date, the Debtor made the following transfer(s) of its property to or for the benefit of the Defendants:

| Date | Amount |
|------|--------|
| 7/5/2017 | $  20,000.00 |
| 7/5/2017 | $       662.84 |
| **Total:** | **$  20,662.84** |

(the "Preferential Transfers").

13.    The Preferential Transfers were made on or within ninety (90) days of the Petition Date.

14.    The Preferential Transfers constitute a transfer(s) of the Debtor's interest in property.

15.    The Preferential Transfers were for, or on account of, antecedent debt(s) owed by the Debtor before such transfer(s) were made.

16.    The Preferential Transfers were made while the Debtor was insolvent.

17.    The Preferential Transfers enabled the Defendants to receive more than they would have received if: (a) the Debtor's case was a case under Chapter 7 of the Bankruptcy

Code; (b) the Preferential Transfers had not been made; and (c) Defendants had received

payment of such debts to the extent provided by the provisions of the Bankruptcy Code.

18.    The Trustee is entitled pursuant to Bankruptcy Code § 547 to avoid the

Preferential Transfers and pursuant to 11 U.S.C. §§ 550 and 551, to recover from the Defendants,

for the benefit of the estate, the property transferred or the value of such property, plus interest.

## COUNT II
## RECOVERY OF AVOIDED TRANSFERS – 11 U.S.C. § 550

19.    The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

20.    The Trustee is entitled to avoid the transfer(s) pursuant to 11 U.S.C. § 547(b).

21.    Defendants were the initial transferee of the transfer(s) or the immediate or

mediate transferee of such initial transferee or the person for whose benefit all avoided

transfer(s) were made.

22.    Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendants

the property transferred or the value of such property, plus interest thereon to the date of

payment and the costs of this action.

## COUNT III
## DISALLOWANCE OF ALL CLAIMS – 11 U.S.C. § 502(d) and(j)

23.    The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

24.    Defendants are entities from which property is recoverable under 11 U.S.C. § 550.

25.    Defendants are transferees of the transfer(s) avoidable under 11 U.S.C. § 547.

26.    Defendants have not paid the amount of the transfer(s), or turned over such

property, for which Defendants are liable under 11 U.S.C. § 550.

27.    Pursuant to 11 U.S.C. § 502(d), any and all claims of the Defendants and/or their

assignees, against the Debtor or estate must be disallowed until such time as Defendants pay to

the Trustee an amount equal to the aggregate amount of the transfer(s), plus interest thereon and costs.

28.     Pursuant to 11 U.S.C. § 502, any and all claims of the Defendants, and/or thier assignees, against the Debtor or the estate previously allowed by the Debtor or the Trustee, must be reconsidered and disallowed until such time as Defendants pay to the Trustee an amount equal to the aggregate amount of all the transfer(s).

## STATEMENT CONCERNING ENTRY OF FINAL ORDERS OR JUDGMENT

Pursuant to Fed. R. Bankr. P. 7008, Bonnie C. Mangan, Chapter 7 Trustee of Integrity Graphics, Inc., hereby consents to entry of final orders or judgment by the Bankruptcy Court.

**WHEREFORE**, the Trustee, Bonnie C. Mangan, respectfully requests that the Court enter judgment in favor of the Trustee and against the Defendants as follows:

1.     (a) Avoidance of all Preferential Transfers; (b) an order directing that the Preferential Transfers be set aside; and (c) recovery of the Preferential Transfers, or the value thereof for the benefit of the estate of the Debtor;

2.     That the transfers, to the extent they are avoided pursuant to U.S.C. §547, be recovered by the Trustee pursuant to 11 U.S.C. §550;

3.     Disallowance of any claims held by the Defendants and/or their assignees against the Debtor and/or the estate until the Defendants and/or its assignee satisfies the judgment;

4.     Attorneys' fees;

5.     Pre-judgment interest and costs; and

6.     Such other and further relief as this Court deems just and equitable.

Dated at Milford, Connecticut on this 31st day of October, 2019.

BONNIE C. MANGAN,
CHAPTER 7 TRUSTEE OF
INTEGRITY GRAPHICS, INC.


By: /s/ David C. Shufrin
David C. Shufrin, Esq. [ct29230]
HURWITZ, SAGARIN, SLOSSBERG
& KNUFF, LLC
147 North Broad Street
Milford, CT 06460
Tel: 203-877-8000/Fax: 203-878-9800
DShufrin@hssklaw.com