# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| INTEGRITY GRAPHICS, INC. ) | CASE NO. 17-21513 (JJT) |
| ) | |
| DEBTOR. ) | |
| ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for ) | |
| INTEGRITY GRAPHICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 19-02029 (JJT) |
| ) | |
| AMERICAN EXPRESS COMPANY, ) | |
| AMERICAN EXPRESS BANK, FSB AND ) | |
| AMERICAN EXPRESS CENTURION BANK, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants American Express Company ("AEC") and American Express National Bank successor by merger to American Express Bank, FSB and formerly known as American Express Centurion Bank[1] ("AENB"; collectively with AEC, "American Express" or "Defendants") submit this *Answer and Affirmative Defenses* in response to Plaintiff's *Complaint* [Doc. No. 1] ("Complaint") in the above-captioned proceeding.

## ANSWER

American Express answers the individually numbered paragraphs of the Complaint as follows:

---

[1] On April 1, 2018, American Express Bank, FSB merged with American Express National Bank, with American Express National Bank as the surviving entity after the merger. On the same date, American Express Centurion Bank changed its name to American Express National Bank.

1

14506945v1

## JURISDICTION, VENUE AND NATURE OF THIS PROCEEDING

1. In response to paragraph 1 of the Complaint, American Express states that the record of the Court speaks for itself, and American Express denies any allegation set forth in paragraph 1 that is inconsistent therewith.

2. In response to paragraph 2 of the Complaint, American Express states that the record of the Court speaks for itself, and American Express denies any allegation set forth in paragraph 2 that is inconsistent therewith.

3. Paragraph 3 of the Complaint appears to contain no allegation of fact to which a response by American Express is required. To the extent a response is required, American Express denies that the Plaintiff is entitled to the relief sought under the statutory provisions and rule referenced therein.

4. American Express admits the allegations set forth in paragraph 4 of the Complaint.

5. American Express admits the allegations set forth in paragraph 5 of the Complaint. To the extent any claim asserted in the Complaint is not core, American Express consents to the entry of final judgment and order by the Bankruptcy Court.

6. American Express admits the allegations set forth in paragraph 6 of the Complaint.

## PARTIES

7. In response to paragraph 7 of the Complaint, American Express states that the record of the Court speaks for itself, and American Express denies any allegation set forth in paragraph 7 that is inconsistent therewith.

14506945v1

8. American Express admits the allegations set forth in paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, American Express incorporates footnote 1 of this Answer as though fully set forth herein, and states that AENB is a nationally chartered bank with its principal office located in Salt Lake City, Utah.

10. In response to paragraph 10 of the Complaint, American Express incorporates footnote 1 of this Answer as though fully set forth herein, and states that AENB is a nationally chartered bank with its principal office located in Salt Lake City, Utah.

## COUNT I
## PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547, 550 AND 551

11. American Express incorporates and repeats its responses to paragraphs 1 through 10 above as though set forth fully herein.

12. In response to paragraph 12 of the Complaint, AEC denies that the Debtor made the alleged transfers to or for the benefit of AEC, and admits that AENB received the transfer alleged in paragraph 12 in the amount of $20,000. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12.

13. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

14506945v1

16. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. American Express denies the allegations set forth in paragraph 17 of the Complaint to the extent that they are directed to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17.

18. American Express denies the allegations set forth in paragraph 18 of the Complaint.

## COUNT II
## RECOVERY OF AVOIDED TRANSFERS – 11 U.S.C. § 550

19. American Express incorporates and repeats its responses to paragraphs 1 through 18 above as though set forth fully herein.

20. American Express denies the allegations set forth in paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, American Express denies that AEC was a transferee of the alleged transfers or the person for whose benefit all such transfers were made. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21.

22. American Express denies the allegations set forth in paragraph 22 of the Complaint.

## COUNT III
## DISALLOWANCE OF ALL CLAIMS – 11 U.S.C. § 502(d) and (j)

23. American Express incorporates and repeats its responses to paragraphs 1 through 22 above as though set forth fully herein.

4

24. American Express denies the allegations set forth in paragraph 24 of the Complaint.

25. American Express denies the allegations set forth in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, American Express denies liability under 11 U.S.C. § 550 for the transfers, and states that American Express has no obligation to pay the amount of the transfers or turn over such property, and therefore admits that it has not paid such amount or turned over such property.

27. American Express denies the allegations set forth in paragraph 27 of the Complaint.

28. American Express denies the allegations set forth in paragraph 28 of the Complaint.

### STATEMENT CONCERNING ENTRY OF FINAL ORDERS OR JUDGMENT

Pursuant to Fed. R. Bank. P. 7012(b), American Express hereby consents to entry of final orders or judgment by the Bankruptcy Court.

### AFFIRMATIVE DEFENSES

American Express asserts its Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case for recovery under 11 U.S.C. §§ 502, 547, 550 and 551, and by this failure has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

To the extent the Debtor transferred any interest in property to or for the benefit of an

alleged transferee during the Preference Period, such transfers were intended by the Debtor and such transferee to be contemporaneous exchanges for new value given to the Debtor, and the transfers were, in fact, substantially contemporaneous exchanges. 11 U.S.C. § 547(c)(1).

### Third Affirmative Defense

To the extent the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and such transferee and either (i) made in the ordinary course of business or financial affairs of the Debtor and such transferee or (ii) made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

### Fourth Affirmative Defense

To the extent that the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were made for new value given to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of such transferee. 11 U.S.C. § 547(c)(4).

### Fifth Affirmative Defense

An alleged transferee is entitled to setoff or recoupment against any claim for any amounts owed to the transferee by the Debtor for unpaid post-petition charges which are entitled to an administrative expense priority under 11 U.S.C. § 503.

### Sixth Affirmative Defense

American Express denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies that Plaintiff is entitled to any relief

whatsoever from American Express.

### Seventh Affirmative Defense

American Express reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, state law or other applicable law, as may be discovered during the course of additional discovery and investigation.

WHEREFORE, American Express respectfully requests that the Court enter an order dismissing the Complaint, including each and every claim set forth therein, with prejudice, and denying any of the relief sought in the Complaint, or that judgment be rendered in favor of American Express and against the Plaintiff with respect to all matters before this Court, and that American Express be granted such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted,

Dated: January 2, 2020

          **Defendants,**
          **American Express Company,**
          **American Express Bank, FSB, and**
          **American Express Centurion Bank**

          By: */s/ Ronald I. Chorches*
          Ronald I. Chorches, Esquire
          Fed Bar #08720
          Law Offices of Ronald I. Chorches, LLC
          82 Wolcott Hill Road, Suite 203
          Wethersfield, CT 06109
          Ph: (860) 563-3955/Fax: (860) 513-1577
          Email: ronchorcheslaw@sbcglobal.net
          Their Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2020, a copy of the foregoing Defendant's Answer and Affirmative Defenses to Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**U.S. Trustee**
Office of the U.S. Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT  06510

**Trustee**
Bonnie C. Mangan, Trustee
Law Office of Bonnie C. Mangan, P.C.
1050 Sullivan Avenue, Ste. A3
South Windsor, CT  06074

**Attorney for Plaintiff**
David C. Shufrin, Esquire
Hurwitz Sagarin Slossberg & Knuff, LLC
147 North Broad Street
Milford, CT  06460

**Defendants**
American Express Company
American Express Bank FSB
American Express Centurion Bank
200 Vesey Street
New York, NY  10285

**Debtor**
Integrity Graphics, Inc.
1010 Day Road
Windsor, CT  06095

**Debtor's Attorney**
John P. Newton, Esq.
Reid and Riege PC
One Financial Plaza/ 21st Fl.
Hartford, CT  06103

*/s/ Ronald I. Chorches*
Ronald I. Chorches, Esquire